# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ANITA DRIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-1607 SPM |
| | ) | |
| BALLPARK VILLAGE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Anita Driver's ("plaintiff") motion for leave to proceed in forma pauperis and motion for appointment of counsel. Plaintiff seeks leave to proceed without payment of the filing fee in this employment discrimination action brought under the American with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* ("ADA"). For the following reasons, plaintiff's motion for leave to proceed in forma pauperis will be granted, and the Court will waive the filing fee. Plaintiff's motion for appointment of counsel will be denied without prejudice at this time.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true.  Furthermore, the Court liberally construes the allegations.

### The Complaint

Plaintiff alleges she was employed as a line cook at Ballpark Village from April 2015 until her termination on April 6, 2016.  Her supervisor was Phil Dikeman, a chef at Ballpark Village.

Plaintiff states that on approximately February 1, 2016, she found a lump on her breast.  She scheduled a mammogram for two weeks later.  She notified Mr. Dikeman, and he asked that she keep him informed.  After a mammogram, plaintiff told Mr. Dikeman that the imaging had found a mass and she needed to be taken off the schedule for thirty days to deal with her health issue.  According to her EEOC charge of discrimination, however, on February 9, 2016, she was suspended for an altercation with another employee.  In her EEOC charge, plaintiff states, "I texted [Mr. Dikeman] and told him to go ahead and take me off the schedule for 30 days as I would need some time to take care of my disability."  Both plaintiff's charge of discrimination and complaint allege that she asked to be taken off the schedule to address her health issue.

Plaintiff called Mr. Dikeman again on either March 6 or March 14, and asked to be placed back on the work schedule.  Mr. Dikeman was out of town, and plaintiff was told to call back in April.  When she called back, Mr. Dikeman asked her to come in the next Friday for a meeting.  Plaintiff alleges she was fired at that meeting.  In her EEOC charge, she states: "In

April I had a conversation with [Mr. Dikeman] who told me that he wasn't bringing me back as I did not appear to want to be [employed by Ballpark Village] the first time I was there." She states, "I believe if I never asked for 30 days off, I would still have my job" and that she is "being discriminated against based on my disability" and was terminated in violation of her rights under the ADA.

Plaintiff filed her charge of discrimination with the EEOC on July 7, 2016, which is timely, and received a right to sue letter dated May 17, 2017. She filed this action on June 1, 2017, which is within her 90-day period for filing suit.

## Discussion

To establish an ADA claim, plaintiff must show that she was disabled, qualified to perform the job, with or without a reasonable accommodation, and suffered an adverse employment action because of her disability. *See Moysis v. DTG Datanet*, 278 F.3d 819, 824 (8th Cir. 2002). Breast cancer can be a disabling impairment under the ADA if it limits a major life activity. *See Treiber v. Lindbergh Sch. Dist.*, 199 F. Supp. 2d 949, 959-61 (E.D. Mo. 2002). Based on the Court's initial review, plaintiff's allegations are non-frivolous, and the Court will order process to issue on her complaint. *See* 28 U.S.C. § 1915(e)(2).

The Court will deny without prejudice plaintiff's motion for appointment of counsel. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). To determine whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues

presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous claims, however, she has demonstrated at this point that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. After reviewing the record, the Court concludes that appointment of counsel is not warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**. Plaintiff's filing fee is waived.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF 4] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to serve defendant Ballpark Village with summons upon the complaint.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of October, 2017.